UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SINECA BEDOLLA, on behalf of C.E.B.,

    Plaintiff,

v.                                                         Case No. 1:23-cv-746
                                                          Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g). Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner), which denied supplemental security income (SSI) for CEB, plaintiff's son and the claimant in this case.[1]

The administrative law judge (ALJ) set out the procedural history of this case:

> This case is before me on remand from the Appeals Council pursuant to a remand from the United States District Court for the Western District of Michigan. On March 24, 2023, I held a telephone hearing due to the extraordinary circumstance presented by the Coronavirus Disease 2019 (COVID-19) Pandemic. All participants attended the hearing by telephone. The claimant's mother, Sineca Bedolla, appeared and testified on behalf of the claimant. Ms. Bedolla agreed to appear by telephone before the hearing and confirmed such agreement at the start of the hearing (Ex. 15B). The claimant is represented by James Rinck, an attorney.
>
> Pursuant to the District Court remand order, Appeals Council has directed me to consider records submitted on May 5, 2020, from the claimant's school (Ex.

---

[1] The claimant in this case is a child, CEB. Sineca Bedolla, CBE's mother, is the nominal plaintiff.

> 15E and 16E). Then, based on the current evidence of record, consider whether the claimant's impairments meet, medically equal or functionally equal any of the listed impairments (Ex. 9A).

The claimant is alleging disability since February 20, 2019. PageID.416. The ALJ held an administrative hearing on March 24, 2023 and entered a written decision denying the claim on May 3, 2023. PageID.416-426, 432-451. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the

2

Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

## II. ALJ's DECISION

### A. Plaintiff's claim for SSI while under age 18

#### 1. Three step sequential evaluation process

The Social Security Act provides that, "[a]n individual under the age of 18 shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Social Security Administration employs a three-step sequential evaluation process to determine whether an individual under the age of 18 is disabled. *See* 20 C.F.R. § 416.924(a); PageID.416. At step one, ALJ must determine whether the claimant is engaging in substantial gainful activity. *See* 20 C.F.R. § 416.924(b); PageID.416-417. At step two, the ALJ must determine whether the claimant has a medically determinable "severe" impairment or a combination of impairments that is "severe." *See* 20 C.F.R. § 416.924(c); PageID.416-417. If the claimant does not have a medically determinable severe impairment, he is not disabled. 20 C.F.R. § 416.924(c). If the claimant has a severe impairment, the analysis proceeds to the third step. *Id*.

3

At step three, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or medically equals the criteria of a listing, or that functionally equals the listings.  PageID.416-417. In making this determination, the ALJ must consider the combined effect of all medically determinable impairments, even those that are not severe.  *See* 20 C.F.R. §§ 416.923, 416.924a(b)(4), 416.926a(a) and (c).

Step three has two parts.  First, the ALJ determines whether the child's impairments meet or medically equal a listed impairment.  *See* 20 C.F.R. §§ 416.925 and 416.926. Second, if the child has a severe impairment or combination of impairments that does not meet or medically equal any listing, the ALJ "will decide whether it results in limitations that functionally equal the listings." 20 C.F.R. § 416.926a(a).  The ALJ explained this determination as follows:

> I must consider how the claimant functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. To functionally equal the listings, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. Our rules explain that a claimant has a "marked" limitation in a domain when his impairment(s) "interferes seriously" with the ability to independently initiate, sustain, or complete activities, and a claimant has an "extreme" limitation" in a domain when his impairment(s) "interferes very seriously" with these same abilities. In making this assessment, I must compare how appropriately, effectively and independently the claimant performs activities compared to the performance of other children of the same age who do not have impairments (20 CFR 416.926a).

PageID.419.  If the claimant has an impairment or combination of impairments that meets, medically equals or functionally equals the listings, and it has lasted or is expected to last for a continuous period of at least 12 months, he is presumed to be disabled.  If not, the claimant is not disabled. *See* 20 C.F.R. § 416.924(d).

**2.     ALJ's findings**

4

Claimant was born in 2015. He was a preschooler when the application was filed (February 20, 2019) and a school-age child on the date of the decision (May 3, 2023). PageID.417.[1] At step one, the ALJ found that claimant has not engaged in substantial gainful activity since February 20, 2019. PageID.417. At step two, the ALJ found that claimant had severe impairments of social communication disorder and language disorder. PageID.417. At step three, the ALJ found that claimant does not have an impairment or combination of impairments that meets or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appx. 1. PageID.418. The ALJ also found that claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings. PageID.419-425. In determining functional equivalence, the ALJ found that claimant has a marked limitation in the first domain and less than a marked limitation in the second, third, fourth, fifth and sixth domains. PageID.420. Accordingly, the ALJ found that claimant has not been disabled, as defined by the Social Security Act, since February 20, 2019, the date the application was filed. PageID.426.

### III. DISCUSSION

Plaintiff raised two issues on appeal related to the second domain (attending and completing tasks) and the fifth domain (caring for yourself).[2]

> **A. The ALJ violated 20 C.F.R. § 404.1520c during the evaluation of the evidence because he failed to properly consider the mandatory factors of supportability and consistency.**

---

[1] *See* 20 C.F.R. §416.926a(g)(2)(iii) (defining "Preschool children (age 3 to attainment of age 6)") and 20 C.F.R. § 416.926a(g)(2)(iv) (defining "School-age children (age 6 to attainment of age 12)").

[2] Plaintiff does not contest the ALJ's finding with respect to the first domain, the fourth domain, or the sixth domain. *See* Plaintiff's Brief (ECF No. 15, PageID.731). While plaintiff's reply brief may contest the ALJ's conclusion as to the third domain, she did not raise that as an error. *See id.*; Plaintiff's Reply Brief (ECF No. 17, PageID.751).

The gist of plaintiff's claim is that the ALJ did not address claimant's attention deficit hyperactivity disorder (ADHD) in evaluating the second domain, *i.e.*, "[claimant] had been diagnosed with ADHD, which obviously could affect his performance under Domain I (which already was markedly impaired), but which also would clearly affect his evaluation under Domain II (attending (to) and completing tasks)".  Plaintiff's Brief (ECF No. 15, PageID.732).

The ALJ found that claimant did not have a medically determinable impairment of ADHD but stated that he considered it in evaluating the functional domains:

> To be considered a medical impairment under social security regulations, the impairment must result from anatomical, physiological, or psychological abnormalities shown by medically acceptable clinical and diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. . .
>
> In this case, in February 2023, a questionnaire was completed by the claimant's mother and first grade teacher, Mr. Welles, in which they indicated the claimant showed symptoms of ADHD and possibly oppositional defiant disorder. The evaluator of the questionnaire was noted to be Aimee Stevens, LMSW (Ex. 12F). However, neither Ms. Stevens, Mr. Welles, nor the claimant's mother are acceptable medical sources under Social Security rules. Therefore, I do not find AHDH or oppositional defiant disorder to be medically determinable impairments. However, I did consider this evidence when evaluating the claimant's functional domains, as discussed below.

PageID.418.  *See* 20 C.F.R. § 416.902(a)(1) and (2) (defining acceptable medical source to include a licensed physician or licensed psychologist).

The ALJ's decision presents a challenge on review because he addressed only one domain in detail.  As an initial matter, the decision announced that plaintiff had a "marked limitation" in the first domain and "less than a marked limitation" in the other five domains (PageID.420).  Next, the decision addressed the first domain in detail.  PageID.420-422.  Then, the ALJ addressed the remaining five domains as a group.  PageID.422-424.  After evaluating the

6

non-opinion evidence, the ALJ found that claimant had less than a marked limitation in the remaining five domains:

> Accordingly, due to delays in speech and language and the claimant's social communication disorder, which are supported by the claimant's educational records including IEP's, statements made by his teacher and SLP, and findings made during the consultative examination, the record overall is consistent with finding the claimant has less than marked limitation in attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for himself, and in health and physical well-being.

PageID.424.

Next, the ALJ reviewed the opinion evidence of William Venema, M.D. and William Schirado, Ph.D., and concluded that "less than marked limitation in the other domains is supported." PageID.425. Then, the ALJ reviewed the opinion of Dr. Brady, Ph.D., found it unpersuasive, but did not address how the opinion related to the domains. After reviewing the opinion evidence, the ALJ concluded that,

> Accordingly, the claimant does not have an impairment or combination of impairments that functionally equals a listing, because the claimant does not have either "marked" limitations in two domains of functioning or "extreme" limitation in one domain of functioning.

PageID.425.

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985).

Based on this record, the Court cannot trace the path of the ALJ's reasoning with respect to the second domain. The decision did not include a separate evaluation of this domain or create a logical bridge between the evidence and the conclusion that claimant has less than a marked limitation in this domain. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate the second domain.

### B.  The ALJ failed to properly consider the third-party testimony.

Plaintiff contends that the ALJ failed to properly consider her third-party testimony related to the fifth domain:

> Furthermore, Plaintiff testified at great length (as described in the Statement of Facts) that CEB had significant difficulties in caring for himself (Domain V). Nevertheless, the ALJ remarked during the hearing that Domain V was not a "big contender" and proceeded to write his Decision accordingly. But seriously, when an ALJ writes that a child could put on pants, shirt, dress or socks "without help unless they involved snaps, buttons, or belts" (PageID.424), just what was CEB going to wear to school—a barrel with suspenders? And one of his teachers observed (in 2019) that he needed assistance with putting on his coat, boots, and backpack and that he also needed help turning the sink on and off (PageID.185).

Plaintiff's Brief at PageID.732.

Plaintiff's testimony at the administrative hearing included the following observations: claimant has been shown how to tie his shoes but he cannot do it; the teachers have to help claimant with his shoes at school; claimant needs help putting a shirt on; claimant does not know "how to button his pants" or "how to zip it up" despite being shown lots of times; it is hard for claimant to put on a jacket; claimant needs help in the shower because "[h]e will not wash himself up" and when told will get it only "partly right"; claimant cannot wipe himself in the bathroom; and, claimant wears his snow boots backwards "so they help him at school" before he leaves. *See* PageID.446-448.

8

The parties have characterized plaintiff's testimony as that of a lay witness. As an initial matter, the Court questions whether plaintiff's testimony should be viewed in that manner. The ALJ treated plaintiff as the main witness in this matter, stating that "[t]he claimant's mother, Sineca Bedolla, appeared and testified on behalf of the claimant." PageID.416.[3] If the ALJ considered plaintiff to be testifying on behalf of the claimant, then he should have evaluated plaintiff's testimony on that basis. In short, plaintiff testified on behalf of claimant, and the testimony described a child who had significant challenges in caring for himself. Even if the Court views plaintiff as a lay witness, the ALJ erred in failing to provide an evaluation of this testimony. "If lay witness testimony is provided, the ALJ cannot disregard it without comment, and must give reasons for not crediting the testimony that are germane to each witness." *Maloney v. Commissioner of Social Security*, 480 F. Appx. 804, 810 (6th Cir. 2012).[4]

Based on this record, the Court cannot trace the path of the ALJ's reasoning with respect to the fifth domain. The ALJ's decision did not include a separate evaluation of this domain or create a logical bridge between the evidence and the conclusion that claimant had less than a marked limitation in this domain. Accordingly, this matter will also be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405g. On remand, the Commissioner is directed to re-evaluate the fifth domain.

---

[3] The ALJ expressed no position on whether to take testimony from the seven-year-old claimant or the claimant's mother, leaving the matter to counsel's discretion "of where you think the best information is going to come from." PageID.437. In this regard, counsel noted that claimant "has a little trouble communicating" and "I'm not sure he can tell us a whole lot." *Id*.

[4] The Court notes that the ALJ's failure to address the witness could be harmless error in certain circumstances. "[E]ven if the ALJ erroneously disregards a lay witness's testimony, the error is harmless if no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Maloney*, 480 Fed. Appx. at 810 (internal quotation marks omitted).

## IV.    CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate the second and fifth domains.  A judgment consistent with this opinion will be issued forthwith.

Dated:  October 16, 2024                                /s/ Ray Kent
                                                                            RAY KENT
                                                                            United States Magistrate Judge